12-2801-ag
*Kwanyisha v. Holder*

BIA
Vomacka, IJ
A087 563 528

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand fourteen.

PRESENT:
> RALPH K. WINTER,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges.*

_____

JUSTIN CIALA KWANYISHA,
> *Petitioner*,

> v.                                           12-2801-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

**FOR PETITIONER:**  MARK ROBERT VON STERNBERG, Catholic Charities, New York, NY (Christina Dicerbo, Nicole Romano, St. John's University School of Law; Andrew J. Smith, Vanderbilt University Law School, *on the brief*).

**FOR RESPONDENT:**  CHANNAH F. NORMAN (Stuart F. Delery, Principal Deputy Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Ashley Y. Martin, Attorney; Office of Immigration Litigation, *on the brief*), *for* Eric H. Holder, Jr., United States Attorney General, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Justin Ciala Kwanyisha, a native and citizen of the Democratic Republic of Congo ("DRC"), seeks review of a June 29, 2012, decision of the BIA (1) affirming the October 18, 2010, decision of Immigration Judge ("IJ") Alan A. Vomacka, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"); and (2) denying his motion to reopen and remand. *In re Justin Ciala Kwanyisha*, No. A087 563 528 (B.I.A. June 29, 2012), *aff'g* No. A087 563 528 (Immig. Ct. N.Y. City Oct. 18, 2010). We assume the parties' familiarity with the facts, procedural history, and issues on review.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009); *Li Yong Cao v. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005).

## I. Adverse Credibility Determination

For applications such as Kwanyisha's, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. §§ 1158(b)(1)(B)(iii), 1231(b)(3)(C); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). Furthermore, for purposes of a credibility determination, "[a]n inconsistency and an omission are . . . functionally equivalent." *Xiu Xia Lin*, 534 F.3d at 166. We "defer to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id*. at 167. In this case, the agency reasonably

3

based its adverse credibility determination on inconsistencies between Kwanyisha's various written statements and his testimony.

Kwanyisha initially stated that he was arrested once, and then later indicated that he was arrested three times in the DRC. When he first mentioned his arrests in 2003 and 2005, he stated that his detention lasted seven days and one day, respectively. He later indicated however that he was detained for four days in 2003 and six days in 2005. Finally, Kwanyisha was inconsistent as to where he and his family lived, and whether and when they moved, during the period between September 2008, when he learned that the state security forces were looking for him, and December 2008, when he was arrested. The numerous, inconsistent versions of events Kwanyisha presented provide substantial evidence supporting the agency's adverse credibility determination, particularly because the inconsistencies do go to the heart of his claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166, 167. Furthermore, the IJ considered and reasonably rejected Kwanyisha's explanations for the inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

The IJ additionally found Kwanyisha incredible because of the implausibility of his claim that the same government that was persecuting him would also send him as a government representative to the United Nations. The IJ's implausibility finding may have been impermissibly speculative, particularly because he did not take into account Kwanyisha's explanation or the record evidence supporting that explanation. *See Yuanliang Liu v. U.S. Dep't of Justice*, 455 F.3d 106, 110-11 (2d Cir. 2006); *Pavlova v. INS*, 441 F.3d 82, 89-90 (2d Cir. 2006). However, remand would be futile because the agency's findings regarding inconsistencies in the record are supported by substantial evidence, and are sufficient to support the adverse credibility determination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 (2d Cir. 2006). Moreover, the agency's adverse credibility determination is further bolstered by Kwanyisha's lack of corroborating evidence.

The agency reasonably relied on Kwanyisha's failure to provide reasonably available evidence to corroborate his claim that he had been arrested on three occasions in the DRC. Kwanyisha argues that the agency erred in requiring additional evidence because the evidence it required would lack the corroborative detail necessary to be relevant. However, "the absence of

5

corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question," and conversely, given the numerous inconsistences in Kwanyisha's statements, evidence from individuals in the DRC who could corroborate some aspect of his claim would indeed be relevant. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Accordingly, the agency's corroboration finding was reasonable. *See id.*; *see also Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009).

The adverse credibility determination in this case is dispositive, and consequently, we need not consider either Kwanyisha's claim that he is a member of a disfavored group or arguments related to that claim. Because the only evidence of a threat to Kwanyisha's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

## II. Motion to Remand

The BIA's denial of a motion to remand is held to the substantive standard of review for motions to reopen and reconsider. *Li Yong Cao*, 421 F.3d at 151, 156. "The BIA has broad discretion to deny a motion to remand grounded on new

evidence," and accordingly, we review the BIA's denial of such a motion for abuse of discretion. *Id*. at 156-57. The BIA may deny motions to remand when a *prima facie* case for the relief sought is not established. *Id*. at 156. To establish a *prima facie* case, a petitioner has "the heavy burden of demonstrating that the proffered new evidence would likely alter the result in her case," and must show "a realistic chance" of obtaining relief upon reopening. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (internal quotations omitted).

Before the BIA, Kwanyisha submitted new evidence consisting of country conditions materials and statements from his wife and from a Movement for the Liberation of Congo ("MLC") political party member corroborating portions of his claim. Kwanyisha also submitted an affidavit in which he explained that the statement from his wife was previously unavailable because he did not resume contact with her until mid-September 2010, which did not allow him enough time to obtain a statement from her prior to his October 2010 merits hearing. He further explained that any detailed statement from the MLC was unavailable because the MLC office had been ransacked in 2007. However, the fact that the MLC office was ransacked in 2007 does not explain why a statement from a party member who could discuss how the MLC secured Kwanyisha's release from

7

prison in December 2008 was not available in October 2010. Moreover, Kwanyisha testified in October 2010 that he successfully contacted his family in August 2010.

Furthermore, even if the statements from his wife and from the MLC were previously unavailable, they do not affect Kwanyisha's prima facie eligibility for asylum, as the statement from his wife indicates only that he was arrested twice, and is thus inconsistent with his own testimony, and the statement from the MLC member indicates only that he was a "victim of repeated persecutions," without describing that persecution or confirming any of the arrests. Accordingly, the BIA did not abuse its discretion in declining to remand. *See Li Yong Cao*, 421 F.3d at 156.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
